JUSTICE NELSON
concurs.
¶40 I concur in the result of this case only because Joseph did not object to the admission of Tiffany’s statements on the redacted 911 tape and because of the corroboration of David’s injuries through Deputy Rhodes’ testimony. That evidence, standing alone, was sufficient to sustain the jury’s conviction.
¶41 I do not agree with the superfluous discussion in the rest of the Court’s opinion as to Issue 1. In my view, Joseph more than adequately preserved his Sixth Amendment Crawford claim by virtue of his pretrial Motion to Dismiss Count I and, having done so, had no obligation to make contemporaneous objections throughout the trial to the admission of David’s hearsay statements.
¶42 Finally, and for the same reasons that I dissented in State v. Mizenko, 2006 MT 11, 330 Mont. 299, 127 P.3d 458, I do not agree and will continue to disagree with the whole concept of “victimless” *97 prosecutions.[1] See Mizenko, ¶¶ 44-192 (Nelson, J., dissenting). Most of the problems that plagued Mizenko plague this case as well, including the State’s failure to secure the attendance of the victim for trial, the denial of the defendant’s right of confrontation through the use of hearsay, and the District Court’s questionable rationale for admitting the victim’s out-of-court statements: “[0]n a homicide case, the victim is dead and the defendant doesn’t get to confront the dead person.... So I don’t view the confrontation right as running directly to having the right to have a victim present in court. It’s just if they are present then the defendant has a right to see them face to face and ask them questions.”
JUSTICE COTTER joins in the concurrence of JUSTICE NELSON.

 The prosecution was “victimless” with respect to Count I, in which Joseph was charged with assaulting David with a weapon. Because Tracyn appeared and testified at trial, prosecution of the charges related to her injuries was not “victimless.”